ERNEST FOXWELL *vs.* JOHN C. SULLIVAN, Town Treasurer.

NOVEMBER 25, 1912.

PRESENT:   Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Municipal Corporations.   Notice of Claim.*

Within the period limited by statute, plaintiff gave two notices to a town of a claim for damages, arising out of an accident upon a highway, the first being defective.   In his declaration he set up the second notice without referring to the first.

*Held,* that the intention to abandon the first notice was sufficiently evidenced by the fact that he declared only upon the other.

*Held,* further, that while it might not have been necessary to set up the notice in the declaration, having set up the second notice, evidence offered relating to the first notice was irrelevant.

*(2)   Notice of Claim Against Town for Injury.   Sufficiency of Notice.   Errors.*

In order to invalidate the statutory notice given a town of a claim for damages arising out of an injury upon a highway, the error must amount to a substantial defect, through which the notice fails to convey to the town the information required by statute, with reasonable certainty.   If the notice is sufficient, notwithstanding the defect to apprise the officers of the town with reasonable certainty as to the time, place, etc., of the accident, it is valid.

Where a notice first described the place of the accident with accuracy, but continued with an erroneous description of intersecting streets, owing to the confusion of Elm street with Eli street, and it appeared that the facts set out in the notice could not apply to Elm street, but with the other description contained in such notice did apply to Eli street, the notice was sufficient to advise the town with reasonable certainty of the necessary facts.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of plaintiff and sustained.

VINCENT, J.   This is an action of trespass on the case for negligence to recover damages for injuries which the plaintiff claims that he suffered by falling over the cap of a water pipe which extended above the east sidewalk of Broad Street, in the town of Cumberland.

At the close of the testimony a verdict for the defendant was directed by the Superior Court on the ground that the

notice to the town required by statute as a condition precedent to the commencement of a suit was insufficient or defective.   To this direction of a verdict the plaintiff took an exception.   The plaintiff also took exception to the ruling of the trial court upon the admission of certain testimony. On these exceptions of the plaintiff the case is now before this court.

The plaintiff, on the 5th day of April, 1911, gave a written notice to the town as provided in Sec. 16, Chap. 36 of the Gen. Laws.   The plaintiff having apparently discovered later that this notice was defective in that it failed to properly describe the place of the accident, gave a second notice in writing to the town on the 4th day of May, 1911.   It is undisputed that both of these notices were given within the period limited by the statute.

(1)    The plaintiff in his declaration sets up the second notice without making any reference to the first one.   We think that it is quite evident that he intended to abandon the first notice and his intention to do so is sufficiently evidenced by the fact that he declared only upon the other.   Had he relied wholly upon the first notice at the trial, after having declared only upon the second, he could not have maintained his suit.   It was not perhaps necessary to set up the notice in the declaration, but having done so and having set up the second notice alone, the first notice should have been considered as abandoned and the evidence offered relating to it should have been eliminated from the consideration of the case.

The defendant contends further, however, that the second notice is inherently defective and insufficient in that it fails to properly describe the place of the accident, and upon that ground, a verdict for the defendant was directed. The notice is as follows:

"TO THE HONORABLE THE TOWN COUNCIL OF THE TOWN OF CUMBERLAND:  Respectfully represents Ernest Foxwell, of Valley Falls, in said Town of Cum-

berland, that on Sunday, March 26, A. D., 1911, he was walking along the easterly sidewalk on Broad Street, a public highway of said town; that on the said easterly sidewalk of said Broad Street, a public highway of said town, at a point about ten feet south of the southwesterly corner of the building numbered 263 on said Broad Street, and directly opposite the interception (intersection) of the northerly sidewalk of Elm Street with the westerly side of said Broad Street, there was an obstruction dangerous to travellers in this,—that there was in said sidewalk a certain water-cap which projected above the level of the sidewalk about an inch and a half,—of which defect said Town of Cumberland had reasonable notice, or might have had reasonable notice by the exercise of proper care and diligence on its part; that your said petitioner, Ernest Foxwell, while in the exercise of due and reasonable care, struck with his foot said obstruction and was thereby thrown to the sidewalk with great force and violence; that by reason of being thrown in this manner, through the defect and obstruction in said sidewalk, said claimant's knee and back were injured; that said injury to claimant's knee is a traumatic synovitis of the knee-joint; that the injuries thus received are permanent, and said claimant is now confined to his bed under the care of a doctor; that he has been rendered absolutely unable to follow his usual employment and has been and will be put to great expense for doctor's bills, medicine, care and attendance; that his damages in all amount to the sum of four thousand ($4,000) dollars, for which sum he now presents his claim to this Honorable Body and requests that the same be allowed.

"ERNEST FOXWELL,

"By his Attorney,

"P. E. Dillon."

(2)    The portion of the notice referred to as insufficiently describing the place of the accident is "that on the said easterly sidewalk of said Broad Street, a public highway of

said town, at a point about ten feet south of the south-westerly corner of the building numbered 263 on said Broad Street, and directly opposite the intersection of the northerly sidewalk of Elm Street with the westerly side of said Broad Street, there was an obstruction dangerous to travellers in this,—that there was in said sidewalk a certain water-cap which projected above the level of the sidewalk about an inch and a half."

It appears that in the general locality where this accident is supposed to have occurred there are two streets running at right angles with Broad Street,. viz: Elm Street and Eli Street. Elm Street is some 350 feet south of Eli Street and opposite its intersection with Broad Street there are no houses and consequently no water gates or caps. It is vacant land. There are no water gates or caps within 200 feet of such intersection. On the easterly side of Broad Street, near the intersection of Eli Street, from 11 to 13 feet south of the southwesterly corner of the house numbered 263 on said Broad Street, otherwise referred to as the "Keefe" house, there is a water-cap or gate and there is no other water-cap on the easterly side of Broad Street so located that it could be confused with the one referred to in the notice as "about ten feet south of the southwesterly corner of the building numbered 263 on Broad Street."

It is quite apparent from these facts that through some inadvertence in the preparation of the notice "Elm Street" was substituted for "Eli Street."

The town is entitled to such notice as would inform its officers with reasonable certainty as to the time and place of the injury and as to the character and nature of the defect which caused it, so as to aid them in their investigation of the question of liability. It is not every error, however, that amounts to a substantial defect sufficient to invalidate the notice. *Perry* v. *Sheldon*, 30 R. I. 426. The error or defect must be one through which the notice fails to convey to the town the information required by the statute, with reasonable certainty. If, on the other hand, the notice is

sufficient, notwithstanding the defect, to apprise the officers of the town with reasonable certainty as to the time, place, etc., of the accident, it must be held to be a good and valid notice.

In the case at bar, the notice first described the place of the accident as the easterly sidewalk of Broad Street, about ten feet south of the southwesterly corner of the building numbered 263 on said Broad Street. Had the plaintiff stopped there, no question could have arisen, as that description of the place was definite and sufficient, but he continued on, adding the words "and directly opposite the intersection of the northerly sidewalk of Elm Street with the westerly side of said Broad Street." The addition was erroneous, as Elm Street is some 350 feet south.

If we take into consideration the accuracy with which the notice first describes the place, together with the fact that at the intersection of Elm Street, there is only a vacant lot, and no water gates or caps whatever, it at once becomes apparent that the place of the injury was at or near the intersection of Eli Street, about 10 feet south of the southwesterly corner of the building numbered 263 on Broad Street, and that the town was advised thereof with reasonable certainty.

The plaintiff's exceptions are sustained, and the case is remitted to the Superior Court; with direction to grant the plaintiff a new trial.

*John J. Fitzgerald, Patrick E. Dillon,* for plaintiff.
*Quinn & Kernan,* for defendant.